UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
BERTRAND TOULOUSE,                                       :
                                                         :
                                       Plaintiff,        :
                                                         :          15-CV-9387 (VSB)
                -against-                                :
                                                         :          **OPINION & ORDER**
                                                         :
VILLAGE DIAGNOSTIC TREATMENT                             :
CENTER, et al.,                                          :
                                                         :
                                       Defendants.       :
                                                         :
---------------------------------------------------------X

Appearances:

Julio Enrique Portilla
The Law Office of Julio E. Portilla, PC
New York, NY
*Counsel for Plaintiff*

Aaron C. Schlesinger
Peckar & Abramson, P.C.
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Bertrand Toulouse brings this action against Village Diagnostic Treatment Center, d/b/a Village Care Health Center, ("Village Diagnostic") and Village Care of New York, Inc. (collectively, "Village Care"), asserting employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Before me is Defendants' motion for judgment on

the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because the Title VII claims raised by Plaintiff in the instant action are not reasonably related to those raised in his United States Equal Employment Opportunity Commission ("EEOC") charge, and because no other federal claims remain and I decline to exercise supplemental jurisdiction over Plaintiff's state law claims, Defendants' motion is GRANTED.[1]

## I. Background[2]

Plaintiff, who is an openly gay male, began working for Village Care as a Registered Nurse in 2008. (TAC ¶¶ 15, 19.)[3] In or about April 2013, Plaintiff was transferred from the Village Care A.I.D.S. Day Treatment Program where he served as a Clinical Coordinator to the Village Health Care Center and was promoted to serve as a Registered Nurse Manager. (*Id.* ¶ 15.)

From April 2013 to January 2014, Plaintiff was supervised by Denise Despridel-Quail. (*Id.* ¶ 19.) During this period, Despridel-Quail subjected Plaintiff to offensive comments, including referring to him as a "fag," "a queer," and making statements such as "gay men can't do your job," "gay men are weak," "gay men are not real men," "gay men are 'wishy washy,'" "gay men are not strong enough or man enough," and "gay men are too soft." (*Id.*) Despridel-

---

[1] Plaintiff indicates in his opposition brief that he withdraws his claims under the FMLA. (Pl.'s Opp. 41.) Accordingly, I grant Defendants' motion to dismiss those claims. "Pl.'s Opp." refers to Plaintiff's Amended Memorandum of Law in Opposition to Defendants' Motion to Dismiss, filed on October 7, 2017. (Doc. 54.)

[2] "On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam)). A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). I assume Plaintiff's allegations contained in the Third Amended Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] "TAC" refers to the Third Amended Complaint, filed on May 19, 2017. (Doc. 39.)

2

Quail also repeatedly told Plaintiff that he was effeminate and was not cut out to be a leader or a boss because he was too "weak" and "soft." (*Id.*)

On or about December 11, 2013, while working at Village Care, Plaintiff lost consciousness and fell to the floor. (*Id.* ¶ 20.) Plaintiff's coworkers called 911 and Plaintiff was brought to Beth Israel Mount Sinai Hospital ("Beth Israel"). (*Id.*) Plaintiff was treated by Dr. Kourosh Kahkeshani. (*Id.*) During his stay at Beth Israel, Plaintiff refused to be tested for the Human Immunodeficiency Virus ("HIV"). (*Id.* ¶ 23.) While Plaintiff was at Beth Israel, Dr. John Dellosso, the Medical Director for Village Diagnostic, contacted the hospital and requested information regarding Plaintiff's medical condition. (*Id.*) Dr. Kahkeshani informed Plaintiff of Dellosso's request but Plaintiff refused to share any medical information with Dellosso. (*Id.*) Dellosso then contacted Dr. Rapoport, a hematologist for Beth Israel and a friend and colleague of Dellosso, in an effort to obtain details regarding Plaintiff's medical condition. (*Id.* ¶ 22.) Without Plaintiff's knowledge or permission, Dr. Rapoport retrieved Plaintiff's medical records and discussed his medical file and other private health information with Dellosso. (*Id.* ¶ 23.) As a result, Dellosso learned that Plaintiff had refused to be tested for HIV and became "concerned that his refusal was simply a 'cover-up' that he's HIV positive." (*Id.*)

Plaintiff was discharged from Beth Israel on December 12, 2013, and was directed to remain at home for at least seven to ten days. (*Id.* ¶ 25.) That same day, without Plaintiff's consent, Despridel-Quail sent an email to the entire staff at Village Diagnostic informing them that Plaintiff had been admitted to the hospital. (*Id.* ¶ 26.) On or about December 20, 2013, Plaintiff was given permission by Dr. Todd McNiff to return to work full-time and Plaintiff informed Despridel-Quail that he would be returning to work the following Monday, December 23, 2013. (*Id.*)

3

On December 23, 2013, Plaintiff filed a complaint with the U.S. Department of Health and Human Services Office for Civil Rights, alleging that Dellosso, Despridel-Quail, and Rapoport committed violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") in connection with Dellosso's conversation with Rapoport and the email to the staff at Village Care sent by Despridel-Quail (the "OCR Complaint"). (*Id.* ¶ 27.) On December 26, 2013, Plaintiff informed Suzanne Haber, the Corporate Compliance Officer at Village Care, that he had filed the OCR Complaint. (*Id.* ¶ 28.) Haber acknowledged receipt of the complaint, and informed Plaintiff that an internal investigation would be conducted. (*Id.*) On approximately December 31, 2013, Haber informed Plaintiff that his HIPAA allegations were unsubstantiated and closed the internal investigation. (*Id.* ¶ 29.)

Following the investigation into Plaintiff's OCR Complaint, Village Care and Despridel-Quail took intentional and improper steps to cause the termination of Plaintiff's employment. (*Id.* ¶ 31.) Plaintiff was consistently mocked by Despridel-Quail and ridiculed for the way he handled his patients or staff, including by implying that he was acting in an effeminate manner. (*Id.*) Despridel-Quail reiterated her criticism that gay men are "too sensitive," "too weak," and "too soft" and indicated that Plaintiff's hospitalization only reinforced her assessment. (*Id.*) Despridel-Quail also reprimanded Plaintiff for actions that she avoided addressing with other employees, particularly male employees who were not gay, and women. (*Id.*)

On January 16, 2014, Despridel-Quail called Plaintiff into her office and informed Plaintiff that his employment was terminated, effective immediately. (*Id.* ¶ 32.) The reasons offered by Despridel-Quail and Village Care for Plaintiff's termination were false and pretextual, since his employment was terminated in retaliation for his filing of the OCR Complaint and the fact that he was an openly gay male. (*Id.*)

On November 12, 2014, Plaintiff filed a Charge of Discrimination with the EEOC (the "EEOC Charge"). (Schlesinger Decl. Ex. A.)[4] On February 12, 2015, the EEOC issued a Dismissal and Notice of Right to Sue letter. (*Id.* Ex. B.)

## II. Procedural History

Plaintiff initiated this case by filing a complaint on November 30, 2015. (Doc. 1.) Later that day, Plaintiff filed an amended complaint adding an additional Village Care entity as a defendant. (Doc. 3.) On July 1, 2016, I held a pre-motion conference in anticipation of Defendants' motion to dismiss and granted Plaintiff leave to file a second amended complaint, which Plaintiff filed on August 9, 2016, (Doc. 21). On April 14, 2017, I granted Plaintiff leave to file a third amended complaint, (Doc. 38), which Plaintiff filed on May 19, 2017, (Doc. 39). On June 6, 2017, Defendants filed their Answer. (Doc. 41.)

On September 1, 2017, Defendants filed their motion for judgment on the pleadings, along with a memorandum of law in support and the declaration of Aaron Schlesinger, with exhibits. (Docs. 49–51.) On October 2, 2017, Plaintiff filed a brief in opposition, (Doc. 53), and on October 7, 2017 filed an amended brief in opposition, with exhibits, (Doc. 54). On October 20, 2017, Defendants filed a brief in reply. (Doc. 55.)

## III. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a district court must "employ the

---

[4] "Schlesinger Decl." refers to the Declaration of Aaron C. Schlesinger, Esq. Submitted in Support of Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed on September 1, 2017. (Doc. 51.) I consider the EEOC Charge and EEOC Right to Sue letter, which both parties attached to their briefing papers, integral to Plaintiff's Third Amended Complaint and incorporated by reference. *See supra*, note 1.

same standard applicable to Rule 12(b)(6) motions to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

## IV. Discussion

Defendants argue that (1) the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims because they were not alleged in his EEOC Charge; (2) Plaintiff's Title VII claims, styled as sexual orientation and stereotypical animus claims, are not covered under Title VII in

the Second Circuit; and (3) Plaintiff's FMLA claims are time barred.

> **A.** *Exhaustion of Administrative Remedies*
>
> **1. Applicable Law**

To pursue a claim under Title VII in federal court, "a litigant must exhaust available administrative remedies in a timely fashion." *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996). In this regard, courts have jurisdiction to hear Title VII claims only if the claims have first been raised before the EEOC or if they are "reasonably related to those that were filed with the agency." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). A claim is considered reasonably related to an EEOC charge if "(1) the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, (2) the plaintiff alleges retaliation by an employer for filing an EEOC charge, or (3) the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 183 (S.D.N.Y. 2009).

The "reasonably related" exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering.'" *Deravin*, 335 F.3d at 201 (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993)). "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Id.* (internal quotation marks omitted). In other words, "it is the

7

substance of the charge and not its label that controls." *Id.* (citation omitted). "Generally, claims based on a wholly different type of discrimination than initially asserted in the EEOC charge will not be permitted to be brought in federal court." *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 2005) (internal quotation marks omitted). "The purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 26 (2d Cir. 1985).

### 2. Application

Defendants contend that Plaintiff's Title VII sexual orientation and stereotypical animus claims must be dismissed for lack of subject matter jurisdiction because those claims were not pled in the EEOC Charge and are not reasonably related to the allegations contained in that charge. Plaintiff responds that his "claims are reasonably related and like to the allegations contained in his initial EEOC Charge of discrimination since it is interrelated to the charge of his discrimination." (Pl.'s Opp. 20–21.) I agree with Defendants and find that Plaintiff's Title VII sexual orientation and stereotypical animus claims must be dismissed since those claims were not pled in the EEOC Charge and are not reasonably related to the allegations contained in that charge.

Plaintiff did not allege claims in his EEOC Charge relating to sex/sexual orientation or stereotypical animus. In his EEOC Charge, Plaintiff indicated that his employment discrimination claim was being filed under both Title VII and the Americans with Disabilities Act and he selected the following two options as the bases for discrimination: "Disability" and "Retaliation." (*See* Schlesinger Decl. Ex. A.) Plaintiff did not check the box identifying "sex"

or "other" which were plainly-marked options on the EEOC Charge. Critically, with regard to the substance of the assertions in the EEOC Charge, Plaintiff did not allege any facts that would have given the EEOC notice to investigate any claims based on Plaintiff's sex or sexual orientation. Indeed, under the most favorable reading of the EEOC Charge, Plaintiff's claims allege only that he was terminated in retaliation for lodging a HIPAA complaint. (*See generally id.*) Plaintiff's EEOC Charge does not mention Plaintiff's sexual orientation or that Dellosso learned that Plaintiff had refused an HIV test. Rather, Plaintiff's argument solely alleges that "Village Care engaged in unlawful employment practices . . . by discriminating against [Plaintiff] . . . because he opposed the unlawful employment practices engaged by his Employer including violating his HIPAA Rights." (*See id.*)

For this reason, I find that Plaintiff's Title VII claims based on sex/sexual orientation and stereotypical animus asserted in the Third Amended Complaint are not reasonably related to the allegations contained in Plaintiff's EEOC Charge. *See, e.g.*, *Marshall v. N.Y.C. Bd. of Elections*, 322 F. App'x 17, 18 (2d Cir. 2009) (summary order) (affirming dismissal of religious discrimination claim where EEOC charge only alleged race and gender discrimination and did not "include any incidents that would have allowed . . . [an] investigat[ion into] such allegations"); *Carter v. New Venture Gear, Inc.*, 310 F. App'x 454, 458 (2d Cir. 2009) (summary order) (affirming dismissal of gender discrimination claim where EEOC complaint only alleged race discrimination); *Best v. Duane Reade Drugs*, No. 14-cv-2648 (CM), 2014 WL 5810105, at *5 (S.D.N.Y. Nov. 6, 2014) (dismissing race, sex/gender, and age discrimination complaint because discrimination based on those attributes was not suggested in plaintiff's charge for disability discrimination); *Wali*, 678 F. Supp. 2d at 183–84 (dismissing claims, finding that "the mere fact that [plaintiff's] name may appear to be a Muslim name, and that it was listed on his

administrative complaint, was insufficient to give the EEOC adequate notice to investigate a claim of religious discrimination," and that the "factual allegations listed in that [race discrimination] complaint made no reference to his religion").

Accordingly, Plaintiff's Title VII claims are dismissed for failure to exhaust administrative remedies.[5]

### B. *State Law Claims*

A district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Indeed, "when federal claims are dismissed early in the litigation . . . dismissal of state law claims is appropriate." *Karmel v. Liz Claiborne, Inc.*, No. 99 Civ.3608IWK), 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) (internal quotation marks omitted). Having dismissed all of Plaintiff's claims over which I had original jurisdiction early in this litigation, I decline to exercise jurisdiction over Plaintiff's pendent state law claims to the extent that his factual allegations give rise to them. Accordingly, Plaintiff's remaining state law claims are dismissed with leave to refile those claims in state court.

---

[5] Because I dismiss Plaintiff's Title VII claims based on failure to exhaust administrative remedies, I do not address Defendants' alternative arguments for dismissal of these claims.

## V. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings, (Doc. 49), is GRANTED. To the extent Plaintiff's allegations can be construed to give rise to state law claims, I decline to exercise jurisdiction over such claims and they are dismissed without prejudice to filing those claims in state court.

The Clerk of Court is respectfully directed to enter judgment for Defendants and close the case.

SO ORDERED.

Dated: September 28, 2018
      New York, New York

Vernon S. Broderick
United States District Judge